In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00049-CR


______________________________




MICHAEL WAYNE McCOLLUM, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 20557




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Ross



MEMORANDUM OPINION



 Michael Wayne McCollum has filed an appeal from his conviction on his plea of
guilty, under a plea agreement, to the offense of aggravated assault with a deadly weapon. 
He was sentenced in accordance with the agreement to eighteen years' imprisonment and
a restitution order of $200,000.00. 

 On April 21, 2003, we wrote counsel, informing him we had noted a defect in the
appeal because the record did not contain a certification of McCollum's right to appeal. 

 Tex. R. App. P. 25.2(d) now requires a certification to be made part of the record in
every appeal filed by an appellant. That certification is a form which is an appendix to the
rule and provides a certification by the trial court of the defendant's right to appeal. If the
certification is not made part of the record, under the rule we have no option but to dismiss
the appeal.

 In our letter, we warned counsel that, if we did not receive the certification within ten
days of the date of our letter, we would dismiss the appeal. As of the date of this opinion,
counsel has not contacted this Court and no certification has been filed.


 We dismiss the appeal.


 Donald R. Ross

 Justice


Date Submitted: July 28, 2003

Date Decided: July 29, 2003


Do Not Publish



on
to dismiss the appeal. That motion is signed by counsel, but is not signed by the defendant as
required by Tex. R. App. P. 42.2(a).

 We contacted counsel in an effort to obtain a motion containing Talton's signature. None has
been forthcoming. In this instance, because of the nature of this appeal and the pendency of the
felony appeal, we find it appropriate to apply Tex. R. App. P. 2 to suspend the operation of
Rule 42.2(a), and based on the representations of counsel, we dismiss the appeal. 

 The appeal is dismissed.




 Donald R. Ross

 Justice


Date Submitted: September 3, 2003

Date Decided: September 4, 2003


Do Not Publish